■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v. NARCOTIC ADDICTION CONTROL COMMISSION, Appellant.— Judgment, Supreme Court, New York County, entered August 23, 1973, directing the respondent to assist the individual petitioners and other narcotic parole officers in obtaining pistol permits from the New York City Police Department, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, and the clerk is directed to enter judgment in favor of respondent-appellant denying the application and dismissing the petition. The individual petitioners, parole officers employed by respondent, have three areas of responsibility: (1) investigations of addicts to establish their background, (2) case supervision of rehabilitants to assist in sound adjustment, determine freedom from drug dependency, recommend release or changes in program, and (3) other duties, including apprehension or assistance in apprehension and return of rahabilitants who violate after-care status. Primary responsibility for the arrest of rehabilitants is vested in a separate group of Narcotic Addiction Control Commission employees, called warrant and transfer officers. Patently, petitioners are not classified as "peace officers", nor is respondent given authority to classify petitioners as "peace officers". Respondent, by letter dated September 28, 1972, from its chairman to a rep-

resentative for petitioners, refused petitioners' request for permission to carry firearms. As a basis for refusal, respondent delineated its view, *inter alia,* that the nature of the individual petitioners' position did not justify the request. Such position is regarded by respondent as "rehabilitative", rather than that of a law enforcement officer, and "it has been the policy of [respondent] that Narcotic Parole Officers are required to make apprehensions only in those instances where they could do so without exposing themselves to unreasonable risks". In this latter respect, respondent advocates assistance of its warrant officers or local police officers in situations where danger may be reasonably apprehended. As aptly observed in *Matter of Pell* v. *Board of Educ. of Union Free School Dist. No. 1* (34 N Y 2d 222, 231) the scope of review of this court for purposes of judicial review of administrative action is limited to questions of law and "rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard". The views expressed in respondent's letter can hardly be said to be without a rational basis. Accordingly, the administrative exercise of discretion in the instant matter must be upheld. Concur — Nunez, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.